UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LT. G. USA TERRY LEE GIALTO, | |
| **Plaintiff,** | |
| v. | 5:06-CV-434 (FJS/GJD) |
| GEORGE W. BUSH, President of the United States; GEORGE H. W. BUSH, Former President; WILLIAM J. CLINTON, Former President; ALBERTO GONZALES, Attorney General USA; FEDERAL BUREAU OF INVESTIGATION; AGENT RODERICK L. BEVERLY; and AGENT MICHAEL E. ANDERSON, | |
| **Defendants.** | |

---

**APPEARANCES**                                                          **OF COUNSEL**

**TERRY LEE GIALTO**
Camillus, New York 13031
Plaintiff *pro se*

**OFFICE OF THE UNITED**                                        **CHARLES E. ROBERTS, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

The Clerk of the Court has sent Plaintiff's amended complaint, which he filed in accordance with this Court's June 14, 2006 Memorandum-Decision and Order, *see* Dkt. No. 11,

to the Court for its review.

## II. DISCUSSION

In light of Plaintiff's *pro se* status, the Court has construed his amended complaint liberally to determine whether his claims provide any basis for this Court to exercise jurisdiction over this matter. *See Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam).

As the Court discussed in its prior Memorandum-Decision and Order, federal jurisdiction is available only when a federal question is presented, *see* 28 U.S.C. § 1331, or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. *See* Dkt. No. 11 at 2-3.

"A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998) (citations omitted); *see also Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (quoting *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998)) (other citation omitted).

In his amended complaint, Plaintiff states that at least one Defendant resides in New York State. *See* Dkt. No. 19 at 2 ("All defefendants [sic] are citizens of the United States and reside in the District of Columbia, New York State, and the State of Texas."). Therefore, complete diversity does not exist; and this Court may not exercise jurisdiction pursuant to 28 U.S.C.

§ 1332.[1]

The Court has also considered whether Plaintiff has properly invoked the Court's federal-question jurisdiction. *See* 28 U.S.C. § 1331. The Court has carefully reviewed Plaintiff's amended complaint and has construed the allegations therein liberally in order to ascertain whether Plaintiff's claims have an arguable basis in fact and law. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff asserts a wide variety of claims in his amended complaint, some of which appear to have their origin in military proceedings that occurred in Houston, Texas, during the period of 1979-1982, and others of which relate to various financial and business transactions.[2] Despite the Court's thorough review of Plaintiff's rambling and, for the most part, incoherent narrative, the Court concludes that his amended complaint does not set forth claims against the named Defendants over which this Court has federal-question jurisdiction pursuant to § 1331.

### III. CONCLUSION

Accordingly, after carefully reviewing Plaintiff's complaint and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that this action is **DISMISSED** due to Plaintiff's failure to state a claim over which this Court has subject matter jurisdiction and his failure to comply with the terms of the Court's June 14, 2006 Memorandum-Decision and Order; and the Court further

---

[1] In light of this determination, the Court need not reach the issue of whether Plaintiff has demonstrated that the amount in question exceeds $75,000.

[2] Plaintiff identifies himself as the founder and sole owner of various businesses, including Sprint, Nextel, M&T Bank, and Dick's Sporting Goods. *See* Dkt. No. 11 at 2.

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties.

**IT IS SO ORDERED.**


Dated: September 20, 2006
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge